

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Homer Garrison, Jr., Director
Texas Department of Public Safety
Camp Mabry
Austin, Texas

Attention:  Honorable J. B. Draper, Chief
            Driver's License Division

Dear Sir:                              Opinion No. O-6284
                                       Re:  Whether Department of
                                            Public Safety is author-
                                            ized to furnish photo-
                                            static copies of accident
                                            reports and charge fees
                                            therefor, and related
                                            questions.

        We have your request for advice reading as follows:

        "Since the recent court decision regarding
the admissibility of accident reports we have had
a decided increase in requests for photostatic
copies of patrolmen's reports.

        "We would like to know whether or not the De-
partment has the right to make a charge for those
photostatic copies of reports and if so what fund
the money should be deposited in, and could the
money be spent for the purpose of supplies and
help for doing the photostatic copies?"

        We quote the pertinent provisions of Article 6687b,
Vernon's Annotated Civil Statutes:

        "Sec. 39.  Accidents to be reported by persons
involved.

        "Every person involved in an accident result-
ing in death, injury, or apparent property damage

of Fifty Dollars ($50) or more where one or more motor vehicles are involved and who is the holder of an operator's, commercial operator's, or chauffeur's license, under the provisions of this Act, shall make a report of such accident to the Department of Public Safety within forty-eight (48) hours. Refusal to make such report shall render the holder of such license liable to suspension or revocation of such license. Reports required by this Section shall be deemed privileged communications.

"Sec. 40. Accident statistics and reports.

"The Department shall prepare and shall sup--ply to police and sheriffs' offices and other suitable agencies, forms for accident reports, and such reports shall be made within a reasonable time fromthe date of such accident by such officers or agencies to the Department at Austin, Texas, sufficiently detailing all the facts with reference to any highway accident, and the persons and vehicles involved.

"Sec. 41. Report of deaths resulting from accidents.

"Every coroner, justice of the peace, or other official performing like functions shall on or before the tenth (10th) day of each month report in writing to the Department the death of any person within his jurisdiction during the preceding calendar month as the result of any accident in which a motor vehicle was involved and the circumstances of such accident.

"Sec. 42. Accident reports confidential.

"All required accident reports and supplemental reports shall be without prejudice to the individual so reporting and shall be for the confidential use of the Department except that the Department may disclose the identity of a person involved

Honorable Homer Garrison, Jr., page 3

in an accident when such identity is not otherwise
known or when such person denies his presence at
such accident. No such report shall be used as
evidence in any trial, civil or criminal, arising
out of such accident, except that the Department
shall furnish upon request of any person who has,
or claims to have, made such a report or upon de-
mand of any court, a certificate showing that a
specified report has or has not been received by
the Department, solely to prove a compliance or
failure to comply with the requirement that such
report be made to the Department."

A careful examination of the statute discloses that
a distinction is made between an accident report made by a
person involved in the accident and one made by a patrolman
representing the Department. We quote from the opinion in the
case of Brown & Root vs. Haddad, 180 S. W. (2d) 339:

"'We approve the judgment of the Court of
Civil Appeals reversing the judgment of the trial
court and remanding the cause, because the trial
court erred in admitting the entire report made by
patrolman Roensch to the Department of Public Safe-
ty. 175 S. W. 2d 269. However, that report is
not a privileged communication under Sec. 42, of
Art. 6687b, Vernon's Anno. Civ. Stat. This is made
clear by a consideration of Secs. 39 and 40, of
the same article. Sec. 39 requires reports of ac-
cidents by "every person involved," that is, by
every party to the accident, and provides that
such reports "shall be deemed privileged communic-
ations." Roensch's report was called for by Sec.
40 as the findings of an officer investigating the
accident, and it says nothing about any such re-
port being privileged. Clearly, then, the purpose
of Sec. 42 is to qualify the blanket privilege ex-
tending to reports made by "persons involved" by
Sec. 39, in two particulars, namely (1) to permit
the Department of Public Safety to disclose the
identity of any person involved in an accident,
when such is not known or when such person denies

Honorable Homer Garrison, Jr., page 4

his presence at the accident; and (2) to permit the Department of Public Safety to certify that such report was made, to prove that any person claiming to have made the report has or has not made it.

"'Obviously, Roensch's report, as such, is a hearsay statement and should be excluded at another trial, if objected to on that ground, except such parts thereof only as may tend to impeach any direct evidence given by Roensch. . . .'"

The court makes it clear that the patrolman's report is not privileged but is hearsay and would only be admissible for impeaching any conflicting testimony such patrolman might give in a judicial proceeding. It was this point we had in mind in our Opinion No. O-6061. We did not say in that opinion that there was any duty imposed upon the Department to certify or furnish a photostatic copy of the patrolman's accident report. We said merely, and now so rule, that since a patrolman's accident report is hearsay it can only be used for the purpose of impeaching the witness and then only, of course, in a judicial proceeding involving the accident. The only statutory duty imposed upon the Department is to furnish the pertinent information contained in its files when such information is required in a judicial proceeding.

The Supreme Court likewise makes it clear that the report of the person involved in an accident is privileged. It is in respect to this report only that the statute uses the word "certificate." As the court points out, there are only two circumstances under which the privileged character of such a report may be violated. First, to permit the Department to certify the identity of a person involved in the accident when such fact is not known or when the person denies his involvement. Second, to certify that an involved person has or has not made the accident report required by law.

It seems clear from the opinion of the Supreme Court and what we have said that the Department is under no duty to furnish photostatic or other copies of a patrolman's

accident report merely upon request of some interested person but only in response to the proper order of a court in a proceeding involving the accident. This, for example, would include, among other things, subpoenas duces tecum or depositions taken or issued in pending actions. In the case of an involved individual only he or a court could demand by subpoena or other proper order a certificate showing whether the individual was actually involved in an accident or whether he had made the required accident report.

We have examined the statutes and find no authority for your Department to make any charge for furnishing the information above referred to, and it is our advice that you cannot make any charge therefor.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Elbert Hooper

Elbert Hooper
Assistant

EH:db


APPROVED
OPINION
COMMITTEE